JUDGE CARTER

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

14 CV        9193

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

PAMELA BRAVO, on behalf of herself and all others similarly situated,

Plaintiff,

-against-

PALM WEST CORP., JUST ONE MORE RESTAURANT CORP., PALM RESTAURANT INC., PALM NY DOWNTOWN, LLC, PALM MANAGEMENT CORP., "XYZ CORP." d/b/a THE PALM BAR & GRILL, WALTER GANZI, JR., and BRUCE BOZZI, SR.,

Defendants.

RECEIVED
NOV 19 2014
U.S.D.C. S.D.N.Y.
CASHIERS

**CLASS ACTION COMPLAINT**

Plaintiff Pamela Bravo ("Plaintiff" or "Bravo"), individually and on behalf of all others similarly situated, upon personal knowledge, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.       This lawsuit seeks to recover minimum wage, overtime compensation, spread-of-hours pay, misappropriated tips, uniform-related expenses, unlawful deductions, and statutory penalties for Plaintiff and any similarly situated co-workers – servers, server assistants, back waiters, bussers, runners, bartenders, barbacks, and other "Tipped Workers" – who work or have worked at The Palm ("Palm West") – located at 250 West 50th Street, New York, New York 10019; The Palm ("Palm One") – located at 837 Second Avenue, New York, New York 10017;

The Palm Too ("Palm Too") – located at 840 Second Avenue, New York, New York 10017; The Palm Restaurant ("Palm Tribeca") – located at 206 West Street, New York, New York 10282; The Palm Restaurant at Huntting Inn – located at 94 Main Street, East Hampton, New York 11937; and The Palm Bar & Grill – located at JFK Airport, International Terminal 4, Jamaica, New York 11430 (collectively, the "Palm Restaurants").

2.      Owned and operated by Palm West Corp., Just One More Restaurant Corp., Palm Restaurant Inc., Palm NY Downtown, LLC, Palm Management Corp., "XYZ Corp." d/b/a The Palm Bar & Grill, Walter Ganzi, Jr., and Bruce Bozzi, Sr. (collectively, "Defendants"), the Palm Restaurants have been profiled and reviewed in numerous print and online publications, including The New York Times and New York Magazine.

3.      Despite operating the Palm Restaurants under six separate corporations, Defendants have been part of a single integrated enterprise that has jointly employed Tipped Workers at the Palm Restaurants.  The Palm Restaurants are part of the restaurant group that has grown to approximately 28 locations globally over the past 85 years.  This enterprise is centrally controlled by Walter J. Ganzi, Jr. ("Ganzi") and Bruce Bozzi, Sr. ("Bozzi"), who own, manage and oversee operations at the Palm Restaurants and the Palm Restaurant Group.  The Palm Restaurants are linked together through the website, http://www.thepalm.com, which provides links to the Palm Restaurants and all the other restaurants in the group.  The website also allows users to access menus and book reservations at any of the restaurants in the group, and provides background information on the restaurant group.  Additionally, the "PALM STORY" section of the website notes that the restaurants are "[s]till owned and operated by members of the Bozzi and Ganzi families."

4.      According to the "PALM FAMILY" section of the centralized website, Bruce Bozzi Jr., the Executive Vice President, "directs the company's marketing, culinary, and human

resource teams and regularly visits Palm locations throughout the country to ensure that all restaurants maintain the same rigorous standards of quality, hospitality, and tradition."  In the same "PALM FAMILY" section of the centralized website, under Jim Longo's profile it states that employees can donate a pre-taxed amount for healthcare and childcare, can obtain "phantom stock," which allows them to share in the company's success, and can participate in the company's 401k plans.   Moreover, the centralized website allows patrons of the Palm Restaurants to join the company's mailing list, purchase gift cards that can be used at any location, and can also join the "837 Club," where members receive "Club Points," that can be redeemed for special rewards such as a complimentary dessert, every time they visit a Palm Restaurant location.  Finally, through the centralized website, potential employees can apply for a job at any of location of The Palm restaurants through the company's "CAREER" section.

5.      In addition to having a centralized website, the Palm Restaurants also share a Facebook and Twitter account.

6.      The Palm Restaurants also use the same employee manuals, and company letterhead.  For instance, the "Palm Restaurant Server Manual" that was distributed to Plaintiff refers to all locations and covers topics, including, but not limited to, company training, customer service policies, and restaurant policies.  Additionally, a memorandum received by Plaintiff does not appear to differentiate the Palm Restaurants by location.

7.      Tipped Workers at the Palm Restaurants perform the same basic job duties, are subject to the same employment policies, practices and procedures, and are directed and/or permitted by Defendants to perform work at all locations without retraining.

8.      Plaintiff brings this action on behalf of herself and all similarly situated current and former Tipped Workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy

violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

9.      Plaintiff also brings this action on behalf of herself and all similarly situated current and former Tipped Workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Pamela Bravo**

10.     Bravo is an adult individual who is a resident of Queens, New York.

11.     Bravo was employed by Defendants as a server – a Tipped Worker – at the Palm Restaurants from in or around July 2014 to on or around October 25, 2014.  During this period, Plaintiff performed work at Palm West.

12.     Bravo is a covered employee within the meaning of the FLSA and the NYLL.

13.     A written consent form for Bravo is being filed with this Class Action Complaint.

### Defendants

14.     Defendants have employed and/or jointly employed Plaintiff and similarly situated employees at all times relevant.

15.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

16.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

17.     During all relevant times, Defendants' operations have been interrelated and unified.

- 4 -

18.     During all relevant times, the Palm Restaurants have shared a common management, and have been centrally controlled and/or owned by Defendants.

19.     During all relevant times, Defendants have centrally controlled the labor relations of the Palm Restaurants.

20.     During all relevant times, Defendants have allowed employees to transfer or be shared by and between the Palm Restaurants without retraining.   In fact, the current Events Manager at Palm West transferred from another Palm restaurant located in Texas.

**Palm West Corp.**

21.     Together with the other Defendants, Defendant Palm West Corp. ("Palm West Corp.") has owned and/or operated the Palm Restaurants during the relevant period.

22.     Palm West Corp. is a domestic business corporation organized and existing under the laws of New York.

23.     Palm West Corp. is the corporate identity that has appeared on Plaintiff's paystubs for work performed at Palm West.

24.     Palm West Corp.'s principal executive office is located at 250 West 50th Street, New York, New York 10019, the address of Palm West.

25.     Palm West Corp. is the "Premises Name" that appears on the active New York State Liquor license for the premises doing business as "THE PALM WEST" located at "250 WEST 50TH STREET, NEW YORK, NY 10019."

26.     Palm West Corp. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

27.     At all relevant times, Palm West Corp. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

28.     Palm West Corp. has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, tips, uniform-related expenses, and deductions.

29.     Upon information and belief, at all relevant times Palm West Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Just One More Restaurant Corp.**

30.     Together with the other Defendants, Defendant Just One More Restaurant Corp. ("Just One More") has owned and/or operated the Palm Restaurants during the relevant period.

31.     Just One More is a domestic business corporation organized and existing under the laws of New York.

32.     Just One More's principal executive office is located at 837 Second Avenue, New York, New York 10017, the address of Palm One.

33.     Just One More is the "Premises Name" that appears on the active New York State Liquor license for the premises doing business as "THE PALM" located at "837 2ND AVENUE, NEW YORK, NY 10017."

34.     Just One More is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

35.     At all relevant times, Just One More has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

36.     Just One More has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, tips, uniform-related expenses, and deductions.

37.     Upon information and belief, at all relevant times Just One More's annual gross volume of sales made or business done was not less than $500,000.00.

**Palm Restaurant Inc.**

38.     Together with the other Defendants, Defendant Palm Restaurant Inc. has owned and/or operated the Palm Restaurants during the relevant period.

39.     Palm Restaurant Inc. is a domestic business corporation organized and existing under the laws of New York.

40.     Palm Restaurant Inc.'s principal executive office is located at 840 Second Avenue, New York, New York 10017, the address of Palm Too.

41.     Palm Restaurant Inc. is the "Premises Name" that appears on the active New York State Liquor license for the premises doing business as "PALM TOO" located at "840 2ND AVENUE, NEW YORK, NY 10017."

42.     Palm Restaurant Inc. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

43.     At all relevant times, Palm Restaurant Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

44.     Palm Restaurant Inc. has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, tips, uniform-related expenses, and deductions.

45.     Upon information and belief, at all relevant times Palm Restaurant Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Palm NY Downtown, LLC**

46.     Together with the other Defendants, Defendant Palm NY Downtown, LLC ("Palm NY Downtown") has owned and/or operated the Palm Restaurants during the relevant period.

47.     Palm NY Downtown is a domestic limited liability company organized and existing under the laws of New York.

48.     Palm NY Downtown's principal executive office is located at 206 West Street, New York, New York 10282, the address of Palm Tribeca.

49.     Palm NY Downtown is the "Premises Name" that appears on the active New York State Liquor license for the premises located at "200 CHAMBERS ST AKA 206 W ST, NEW YORK, NY 10007," the address of Palm Tribeca.

50.     Palm NY Downtown is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

51.     At all relevant times, Palm NY Downtown has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

52.     Palm NY Downtown has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, tips, uniform-related expenses, and deductions.

53.     Upon information and belief, at all relevant times Palm NY Downtown's annual gross volume of sales made or business done was not less than $500,000.00.

**Palm Management Corp.**

54.     Together with the other Defendants, Defendant Palm Management Corp. ("Palm Management") has owned and/or operated the Palm Restaurants during the relevant period.

55.     Palm Management is a domestic business corporation organized and existing under the laws of New York.

56.     Palm Management's principal executive office is located at 94 Main Street, East Hampton, New York 11937, the address of The Palm Restaurant at Huntting Inn.

57.     Palm Management is the "Premises Name" that appears on the active New York State Liquor license for the premises doing business as "PALM REST AT HUNT[T]ING INN" located at "94 MAIN STREET, EAST HAMPTON, NY 11937."

58.     Palm Management is the "Registrant Organization" for the corporate website of the Palm Restaurants.

59.     Palm Management is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

60.     At all relevant times, Palm Management has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

61.     Palm Management has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, tips, uniform-related expenses, and deductions.

62.     Upon information and belief, at all relevant times Palm Management's annual gross volume of sales made or business done was not less than $500,000.00.

**"XYZ Corp." d/b/a The Palm Bar & Grill**

63.     Together with the other Defendants, Defendant "XYZ Corp." d/b/a The Palm Bar & Grill ("XYZ Corp.") has owned and/or operated the Palm Restaurants during the relevant period.

64.     Upon information and belief, XYZ Corp. is a domestic business corporation organized and existing under the laws of New York.

65.     Upon information and belief, XYZ Corp.'s principal executive office is located at JFK Airport – International Terminal 4, Jamaica, New York 11430, the address of The Palm Bar & Grill.

66.     XYZ Corp. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

67.     At all relevant times, XYZ Corp. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

68.     XYZ Corp. has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, tips, uniform-related expenses, and deductions.

69.     Upon information and belief, at all relevant times XYZ Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Walter J. Ganzi, Jr.**

70.     Upon information and belief, Ganzi is a resident of the State of New York.

71.     At all relevant times, Ganzi has been an owner and operator of the Palm Restaurants.

72.     The "PALM FAMILY" page on the restaurant group's corporate website, http://thepalm.com/About-The-Palm/The-Palm-Family, identifies Ganzi as the "CO-CHAIRMAN AND CO-OWNER" of the Palm Restaurants.

73.     Ganzi is the "Principal" listed on the active New York State Liquor licenses for the premises doing business as Palm West, Palm One, Palm Too, Palm Tribeca, and The Palm Restaurant at Huntting Inn.

74.     At all relevant times, Ganzi has had power over personnel decisions at the Palm Restaurants, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

75.     At all relevant times, Ganzi has had power over payroll decisions at the Palm Restaurants, including the power to retain time and/or wage records.

76.     At all relevant times, Ganzi has been actively involved in managing the day to day operations of the Palm Restaurants.

77.     At all relevant times, Ganzi has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

78.     At all relevant times, Ganzi has had the power to transfer the assets and/or liabilities of the Palm Restaurants.

79.     At all relevant times, Ganzi has had the power to declare bankruptcy on behalf of the Palm Restaurants.

80.     At all relevant times, Ganzi has had the power to enter into contracts on behalf of the Palm Restaurants.

81.     At all relevant times, Ganzi has had the power to close, shut down, and/or sell the Palm Restaurants.

82.     Ganzi is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Bruce Bozzi, Sr.**

83.     Upon information and belief, Bozzi is a resident of the State of New York.

84.     At all relevant times, Bozzi has been an owner and operator of the Palm Restaurants.

85.     The "PALM FAMILY" page on the restaurant group's corporate website, http://thepalm.com/About-The-Palm/The-Palm-Family, identifies Bozzi as the "CO-CHAIRMAN AND CO-OWNER" of the Palm Restaurants

86.     Bozzi is the "Principal" listed on the New York State Liquor licenses for the premises doing business as Palm West, Palm One, Palm Too, Palm Tribeca, and The Palm Restaurant at Huntting Inn.

87.     At all relevant times, Bozzi has had power over personnel decisions at the Palm Restaurants, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

88.     At all relevant times, Bozzi has had power over payroll decisions at the Palm Restaurants, including the power to retain time and/or wage records.

89.     At all relevant times, Bozzi has been actively involved in managing the day to day operations of the Palm Restaurants.

90.     At all relevant times, Bozzi has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

91.     At all relevant times, Bozzi has had the power to transfer the assets and/or liabilities of the Palm Restaurants.

92.     At all relevant times, Bozzi has had the power to declare bankruptcy on behalf of the Palm Restaurants.

93.     At all relevant times, Bozzi has had the power to enter into contracts on behalf of the Palm Restaurants.

94.     At all relevant times, Bozzi has had the power to close, shut down, and/or sell the Palm Restaurants.

95.     Bozzi is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

96.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

97.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

98.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

99.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

100.    Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who have worked as Tipped Workers at the Palm Restaurants in New York, who elect to opt-in to this action (the "FLSA Collective").

101.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

102.    Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective have not been paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

103.    All of the work that Plaintiff and the FLSA Collective have performed has been

assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

104.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

> (a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for all hours worked in excess of 40 hours per workweek; and
>
> (b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

105.    Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for the hours they have worked.

106.    Defendants are aware or should have been aware that federal law required them to pay Tipped Workers minimum wages for all hours worked and overtime premiums for all hours worked in excess of 40 per workweek.

107.    Plaintiff and the FLSA Collective perform or performed the same primary duties.

108.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

109.    There are many similarly situated current and former Tipped Workers who have been denied minimum wage and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

110.    Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

111.    In recognition of the services Plaintiff has rendered and will continue to render to the

FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

112.    Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Tipped Workers and similar employees at the Palm Restaurants in New York between November 18, 2008 and the date of final judgment in this matter (the "Rule 23 Class").

113.    Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

114.    The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.  Upon information and belief, the size of the Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

115.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

116.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

> (a) whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;
>
> (b) whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum

wages for all hours worked;

(c) whether Defendants have a policy and/or practice of "shaving" time from the total number of hours worked by Plaintiff and the Rule 23 Class and recorded in their time records;

(d) whether Defendants have a policy and/or practice of requiring Plaintiff and the Rule 23 Class to work "off-the-clock;"

(e) whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;

(f) whether Defendants failed to provide Plaintiff and the Rule 23 Class with spread-of-hours pay when the length of their workday was greater than 10 hours;

(g) whether Defendants misappropriated tips and/or service charges from Plaintiff and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips and/or service charges paid by customers that were intended for Plaintiff and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

(h) whether Defendants distributed or retained a portion of the tips and/or service charges paid by customers to workers who are not entitled to receive tips under the NYLL;

(i) whether Defendants failed to pay Plaintiff and the Rule 23 Class for uniform-related expenses;

(j) whether Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class, in violation of the NYLL;

(k) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(l) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

(m) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper statements with every payment of wages, as required by the NYLL;

(n) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(o) the nature and extent of class-wide injury and the measure of damages for those injuries.

117.    The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent.  Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as Tipped Workers at the Palm Restaurants in New York.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be properly compensated for all hours worked, to be paid minimum wage, overtime compensation, spread-of-hours pay, to retain customer tips and/or service charges, to be reimbursed for uniform-related expenses, and to not have unlawful deductions taken from their wages.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

118.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff understands that as a class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as a class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 members.

119.    In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

120.    A class action is superior to other available methods for the fair and efficient

adjudication of this litigation.   The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.   Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.   The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.   In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

121.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

122.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Pamela Bravo**

123.    Defendants did not pay Bravo the proper minimum wages, overtime compensation, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

124.    Throughout the duration of her employment at the Palm Restaurants, Bravo received weekly paychecks from Defendants that did not properly record or compensate her for all the hours that she worked.

125.    Defendants "shaved" time from the total number of hours Bravo has worked and recorded in her time records.

126.    Defendants required Bravo to perform work off-the-clock without compensation. For instance, Defendants maintained a policy and/or practice of requiring Bravo to attend a meeting at the beginning of her scheduled shift, but there were times when she was unable to clock in for this meeting due to the MICROS time system needing manager approval. Defendants also required Bravo to be clocked out by a manager to receive her tips for the shift even if she was being clocked out prior to the completion of her duties.

127.    Throughout her employment, Defendants generally paid Bravo at the New York tipped minimum wage rate for work performed as a server.

128.    Defendants failed to notify Bravo in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to her wages.

129.    Defendants failed to notify Bravo either verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to her wages.

130.    As a result of the above two paragraphs, Defendants did not satisfy the requirements under the FLSA, and NYLL by which they could apply a tip credit to Bravo's wages.

131.    At all times relevant, Bravo was entitled to receive the full statutory minimum wage rate for the first 40 hours of work each week.

132.    Defendants suffered or permitted Bravo to work over 40 hours per week as a server. During such workweeks, Defendants failed to compensate Bravo at time and one-half the full statutory minimum wage rate for all hours worked beyond 40.

133.    Defendants suffered or permitted Bravo to work over 10 hours per day.  Defendants did not pay Bravo one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

134.    Defendants did not allow Bravo to retain all the tips she earned.

135.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Bravo earned.

136.    Defendants imposed upon Bravo a tip redistribution scheme to which she never agreed.

137.    Defendants' mandatory tip pooling arrangement allocated a portion of Bravo's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, glass polishers.

138.    Defendants unlawfully allocated a percentage of the mandatory service charge received from customers hosting the private events to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, glass polishers.

139.    Defendants required Bravo to wear a uniform consisting of a black blazer and apron, and required Bravo to bear the costs of tailoring said uniform.  According to the Palm West Server Manual, Bravo was required to come to work with the blazer and apron "clean[ed] and pressed," and to have the "[p]rinted name/logo visible."  Defendants did not launder and/or maintain Bravo's mandatory uniform, and failed to pay Bravo the required weekly uniform-maintenance amount in addition to the required minimum wage.

140.    Defendants made unlawful deductions from Bravo's wages, including, but not limited to, deductions for meal credits.  In that regard, though Defendants generally provided meals to Bravo before the start of each shift, they deducted a fixed rate per month for meals regardless of how many shifts Bravo worked and/or the number of meals actually eaten by Bravo during each month.

141.    Defendants did not keep accurate records of wages and tips earned, or of hours worked by Bravo.

142.    Defendants failed to furnish Bravo with proper annual wage notices, as required by the NYLL.

143.     Defendants failed to furnish Bravo with a proper statement with every payment of wages, as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage
### (Brought on behalf of Plaintiff and the FLSA Collective)

144.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

145.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

146.     Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

147.     At all times relevant, Plaintiff and the members of the FLSA Collective have been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

148.     At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

149.     At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

150.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

151.     Defendants have failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

152.    Defendants have been required to pay directly to Plaintiff and the members of the FLSA Collective the full federal minimum wage rate for all hours worked.

153.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants have failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, and have distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

154.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants are aware or should have been aware that the practices described in this Class Action Complaint are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

155.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

156.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wage
### (Brought on behalf of Plaintiff and the FLSA Collective)

157.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

158.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

159.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime wages to which they have been entitled under the FLSA – at a rate of 1.5 times the full minimum hourly wage rate – for all hours worked in excess of 40 per workweek.

160.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

161.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

162.    As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**New York Labor Law – Minimum Wage**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

163.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

164.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

165.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

166.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

167.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

168.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

169.    Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the members of the Rule 23 Class the full minimum wage at a rate of (a) $7.15 per hour for all hours worked from November 18, 2008 through July 23, 2009; (b) $7.25 per hour for all hours worked from July 24, 2009 through December 30, 2013; and (c) $8.00 per hour for all hours worked from December 31, 2013 through the present.

170.     Prior to January 1, 2011, Defendants failed to furnish with every payment of wages to Plaintiff and the members of the Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the members of the Rule 23 Class were entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

171.     Prior to January 1, 2011, Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class, as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the members of the Rule 23 Class were entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

172.     Since January 1, 2011, Defendants have failed to notify Plaintiff and the members of the Rule 23 Class of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

173.     Defendants have required Plaintiff and the members of the Rule 23 Class to share gratuities with workers who are not eligible to receive tips under the NYLL and the supporting NEW York State Department of Labor Regulations.  As a result, Plaintiff and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate at all relevant times.

174.     Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

175.     Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Overtime Wage**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

176.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

177.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

178.     Defendants have failed to pay Plaintiff and the members of the Rule 23 Class overtime wages to which they have been entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times the full minimum hourly wage rate – for all hours worked in excess of 40 per workweek.

179.     Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

180.     Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

181.     Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Spread-of-Hours Pay**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

182.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

183.    Defendants have willfully failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – has been greater than 10 hours.

184.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

185.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Tip Misappropriation**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

186.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

187.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

188.   At all times relevant, each Defendant has been an employer of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

189.   The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

190.   Defendants have unlawfully demanded or accepted, directly or indirectly, part of the gratuities and/or service charges received by Plaintiff and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

191.   Defendants have unlawfully retained part of the gratuities and/or service charges earned by Plaintiff and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

192.   Defendants have unlawfully required Plaintiff and the members of the Rule 23 Class to share part of the gratuities and/or service charges they received with employees other than servers, bussers, runners, bartenders, or similar employees, in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

193.   Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities and/or service charges received by Plaintiff and the member so the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

194.   Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the value of all misappropriated

gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

195.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

196.    Defendants have required Plaintiff and the members of the Rule 23 Class to wear a uniform consisting of clothing that is not ordinary basic street clothing selected by Plaintiff and the members of the Rule 23 Class, and that may not be worn as part of Plaintiff's and the members of the Rule 23 Class' ordinary wardrobes.

197.    Defendants have required Plaintiff and the members of the Rule 23 Class to bear the costs of tailoring/altering their required uniforms, and have not reimbursed Plaintiff and the members of the Rule 23 Class for the cost of tailoring/altering their required uniforms.

198.    Defendants have failed to launder and/or maintain the required uniforms for Plaintiff and the members of the Rule 23 Class, and have failed to pay them the required weekly amount in addition to the required minimum wage.

199.    Through their knowing or intentional failure to pay and/or reimburse Plaintiff and the members of the Rule 23 Class for the cost and maintenance of required uniforms, Defendants have willfully violated the NYLL, and the supporting New York State Department of Labor Regulations.

200.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the costs of maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Unlawful Deductions from Wages
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

201.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

202.    Defendants have made unlawful deductions from the wages of Plaintiff and the members of the Rule 23 Class, including, but not limited to, deductions for meals.

203.    Defendants have deducted a fixed monthly rate from the wages of Plaintiff and the members of the Rule 23 Class for meals regardless of how many shifts Plaintiff and the members of the Rule 23 Class worked and/or the number of meals actually eaten by Plaintiff and the members of the Rule 23 Class during each month.

204.    The deductions made from the wages of Plaintiff and the members of the Rule 23 Class have not been expressly authorized in writing by Plaintiff and the members of the Rule 23 Class, and have not been for the benefit of Plaintiff and the members of the Rule 23 Class.

205.    Through their knowing or intentional efforts to permit unauthorized deductions form the wages of Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

206.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the amounts of all unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**NINTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

207.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

208.    Defendants have willfully failed to furnish Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

209.    Through their knowing or intentional failure to provide Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

210.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff with proper annual wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## TENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Statements
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

211.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

212.    Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

213.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

214.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Tipped Workers who are presently working at, or

who have worked at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at the Palm Restaurants in New York.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Payment of a service award to Plaintiff, in recognition of the services she has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

F.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

G.      Unpaid minimum wages, overtime compensation, spread-of-hours pay, misappropriated tips and/or service charges, uniform-related expenses, unlawful deductions, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H.      Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff with proper annual wage notices, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

I.      Statutory penalties of one hundred dollars for each workweek that Defendants

failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

J.      Prejudgment and post-judgment interest;

K.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

L.      Reasonable attorneys' fees and costs of the action; and

M.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
        November 19, 2014

Respectfully submitted,

Joseph A. Fitapelli

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Class*

<u>FAIR LABOR STANDARDS ACT CONSENT</u>

1.    I consent to be a party plaintiff in a lawsuit against PALM WEST CORPORATION and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.    By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.



Signature

PAMELA BRAVO

Full Legal Name (Print)