Carter, a.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
PAMELA BRAVO, on behalf of herself and all others similarly situated,

                Plaintiff,

    – against –

PALM WEST CORP., JUST ONE MORE RESTAURANT CORP., PALM RESTAURANT INC., PALM NY DOWNTOWN, LLC, PALM MANAGEMENT CORP., "XYZ CORP." d/b/a THE PALM BAR & GRILL, WALTER GANZI, JR., and BRUCE BOZZI, SR.,

                Defendants.
----------------------------------------x

Civil Action No.: 14 CV 9193 (ALC)(SN)

STIPULATION

2-9-15

WHEREAS, Plaintiff in the captioned action filed a Complaint on November 19, 2014 individually and on behalf of other persons similarly situated against Defendants asserting claims under, *inter alia*, the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS the deadline for Corporate Defendants Palm West Corp., Just One More Palm Restaurant Corp., Palm Restaurant, Inc., Palm NY Downtown, LLC, Palm Management Corp., and Individual Defendants Walter Ganzi, Jr. and Bruce Bozzi, Sr. (collectively, "Defendants") to answer or otherwise respond to the Complaint is February 6, 2015;

WHEREAS, Defendants intend to answer or otherwise respond to the Complaint on or before February 6, 2015;

WHEREAS, the Plaintiff and the Defendants wish to enter into an agreement whereby during the Tolling Period, as defined below, they not engage in any discovery, litigation or other proceedings in this action and stay all activity in this action (except as described herein) so as to enable them to pursue discussions and proceedings concerning a potential resolution of

FIRM:28111688v1


RECEIVED FEB 05 2015 ANDREW L. CARTER, JR. U.S. DISTRICT JUDGE S.D.N.Y.

this action, including possibly mediation, during which time the statute of limitations under the FLSA will be tolled;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff and counsel for Defendants, that:

1. The term "putative collective action member" means any person who is within the scope of the FLSA collective action set forth in the Complaint and who properly opts-in to this action indicating representation by Plaintiff's counsel herein as of the date of this Stipulation and Order. Nothing in this Stipulation and Order shall prejudice in any way Defendants' position that the putative collective action as defined by Plaintiff in the Complaint is inappropriate for collective action treatment, conditional or otherwise.

2. The statute of limitations under the FLSA for any putative collective action member is tolled from 12:01 a.m. on the date the Court endorses this Stipulation until the earlier of midnight on (i) August 1, 2015; or (ii) the 60th day after filing with the Court written notice of cancellation of this Stipulation and Order by either Plaintiff or Defendants ("Tolling Period").

3. This Stipulation and Order (and the Tolling Period reflected herein) may be extended in writing by mutual agreement of the parties and approval of the Court.

4. The parties agree that during the Tolling Period, or any extension thereof, not to engage in any formal discovery, litigation or other proceedings in this action and to stay all activity in this action so as to enable them to pursue discussions and proceedings concerning a potential resolution of this action, including possibly mediation.

5. Defendants do not waive, and expressly reserve, any and all arguments and defenses including but not limited to whether Plaintiff is similarly situated to any putative collective action members (or anyone else) and whether certification, conditional or otherwise, of

the FLSA claims alleged in the Complaint is appropriate, as well as all other applicable arguments and defenses.

6. Nothing in this Stipulation and Order shall be deemed a waiver by Defendants of any argument they may have in opposing the participation of any putative collective action member (or anyone else) in this action, including untimeliness, except to the extent Defendants have agreed to toll the statute of limitations with respect to the FLSA claims in the Complaint for the Tolling Period set forth in paragraph 2 (and any extension thereof set forth in paragraph 3) of this Stipulation and Order.

7. Nothing in this Stipulation and Order shall be deemed to diminish Plaintiff's counsel's representation of the putative collective action members or Defendants' right to defend against any claims of Plaintiff, the putative collective action members or anyone else.

New York, New York
February 3, 2015

FITAPELLI & SCHAFFER, LLP

By: _____
Brian S. Schaffer
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, New York 10016
(212) 300-0375
Attorneys for Plaintiff

EPSTEIN BECKER & GREEN, P.C.

By: _____
Kenneth W. DiGia
Jeffrey H. Ruzal
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for all Defendants (except "XYZ Corp." d/b/a The Palm Bar & Grill)

SO ORDERED:

_____
Honorable Andrew L. Carter, Jr.
United States District Judge
February 9, 2015