IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PAMELA BRAVO, on behalf of herself and all others
similarly situated,

                Plaintiff,

  -against-

PALM WEST CORP., JUST ONE MORE
RESTAURANT CORP., PALM RESTAURANT
INC., PALM NY DOWNTOWN, LLC, PALM
MANAGEMENT CORP., "XYZ CORP." d/b/a THE
PALM BAR & GRILL, WALTER GANZI, JR., and
BRUCE BOZZI, SR.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/15

No. 14 Civ. 9193 (SN)

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT
CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL,
AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICE OF SETTLEMENT
AND CLASS ACTION SETTLEMENT PROCEDURE**

The above-entitled matter came before the Court on Plaintiff's Motion for Preliminary

Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of

Plaintiff's Counsel as Class Counsel, and Approval of Plaintiff's Proposed Notices of Settlement

("Motion for Preliminary Approval"). Defendants agreed, for settlement purposes only, not to

oppose the motion.

**I.  Preliminary Approval of Settlement**

1.  Based upon the Court's review of the Plaintiff's Memorandum of Law in Support

of their Motion for Preliminary Approval, the Declaration of Brian S. Schaffer ("Schaffer

Decl.") and all other papers submitted in connection with Plaintiff's Motion for Preliminary

Approval, the Court grants preliminary approval of the settlement memorialized in the Joint

Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiff Pamela

Bravo and Defendants Palm West Corp., Just One More Restaurant Corp., Palm Restaurant Inc.,

Palm NY Downtown, LLC, Palm Management Corp., Walter Ganzi, Jr., and Bruce Bozzi, Sr.

("Defendants"), attached to the Schaffer Decl. as Exhibit A, and "so orders" all of its terms.

2.      Courts have discretion regarding the approval of a proposed class action

settlement. *Puglisi v. TD Bank, N.A.*, No. 13 Civ. 647 (LDW)(GRB), 2015 WL 574280, at *1

(E.D.N.Y. Feb. 9, 2015) (citing *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079

(2d Cir. 1998)); *see also Monzon v. 103W77 Partners, LLC*, Nos. 13 Civ. 5951 (AT) *et al.*, 2014

WL 6480557, at *1 (S.D.N.Y. Oct. 15, 2014).  "In exercising this discretion, courts should give

weight to the parties' consensual decision to settle class action cases because they and their

counsel are in unique positions to assess potential risks." *Gonqueh v. Leros Point to Point, Inc.*,

No. 14-CV-5883 (GHW), 2015 U.S. Dist. LEXIS 117166, at *2-3 (S.D.N.Y. Sept. 2, 2015)

(quoting *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 (PGG), 2013 WL 1832181, at *1

(S.D.N.Y. Apr. 30, 2013)); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116

(2d Cir. 2005) (while exercising its discretion, a court should be mindful of the "strong judicial

policy in favor of settlements, particularly in the class action context").

3.      Preliminary approval, what Plaintiff seeks here, is the first step in the settlement

process. The purpose of preliminary approval is to simply allow notice to be issued to the class

and for Class Members to either object to or opt-out of the settlement. After the notice period,

the Court will be able to evaluate the settlement with the benefit of the Class Members' input.

*Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *3; *see also Sukhnandan v. Royal Health Care of

Long Island LLC*, No. 12 CIV. 4216 (WHP) (RLE), 2013 WL 4734818, at *1 (S.D.N.Y. Sept. 3,

2013).

4.      Preliminary approval requires only an "initial evaluation" of the fairness of the

proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Tiro v. Pub. House Invs., LLC,* Nos. 11 Civ. 7679 (CM) *et al.*, 2013 WL 2254551, at *1 (S.D.N.Y. May 22, 2013); *Clark v. Ecolab, Inc.,* Nos. 07 Civ. 8623 (PAC) *et al.,* 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009). Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *3; *see also Sukhnandan*, 2013 WL 4734818, at *1 (granting preliminary approval based on the plaintiffs' memorandum of law, attorney declaration, and exhibits). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). "If the proposed settlement appears to fall within the range of possible approval, the court should order that the class members receive notice of the settlement." *Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *3-4 (quoting *Yuzary,* 2013 WL 1832181, at *1).

5.      When warranted, Courts encourage early settlement of class actions because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere. *See, e.g., Yuzary,* 2013 WL 1832181, at *2 (endorsing early settlement of wage and hour class action); *Sukhnandan*, 2013 WL 4734818, *1 (stating that early settlements should be encouraged when warranted); *Castagna v. Madison Square Garden, L.P.*, No. 09 Civ. 10211 (LTS)(HP), 2011 WL 2208614, at *10 (S.D.N.Y. Jun. 7, 2011) (commending the plaintiffs' attorneys for negotiating early settlement); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 4082 (JCF), 2010 WL 5507912, at *1 (S.D.N.Y. Nov. 29, 2010) (granting final approval of pre-suit class settlement in wage and hour case).

6.      The Court concludes that the proposed Settlement Agreement is within the range

of possible settlement approval, such that notice to the Class is appropriate.

7.     The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

## II.     Conditional Certification of the Proposed Rule 23 Settlement Class

8.     Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class).

9.     For settlement purposes only, the Court provisionally certifies the following class under Fed. R. Civ. P. 23(e) (the "Class"):

> All individuals who work or have worked as servers, server assistants, back waiters, bussers, runners, coat checkers, bartenders, or barbacks (collectively, "Tipped Workers") at the five Palm Restaurants in New York State between November 19, 2008 and August 1, 2015, *excluding* those Tipped Workers who participated in the settlement in *Mark Hunter Davis and Jorelle Aronovich, on behalf of themselves and others similarly situated v. Palm Management Corporation and Palm Restaurant, Inc. d/b/a Palm West Restaurant, Palm One Restaurant, and Palm Too Restaurant,* No. 09 Civ. 07348 (RMB) (AJP), in the Southern District of New York, and whose employment terminated on or before January 12, 2010.

10.     For settlement purposes only, Plaintiff meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

11.     Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(1) because there are

approximately 486 class members and, thus, joinder is impracticable. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011) (stating that numerosity is presumed at a level of 40 members).

12.     Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because Plaintiff and class members all bring nearly identical claims arising from Defendants' alleged uniform violations of the FLSA and NYLL for failure to pay appropriate minimum wage, overtime pay and spread-of-hours pay, misappropriating tips, failure to pay for uniform-related expenses, making unlawful deductions, and failing to provide proper annual wage notices and wage statements. *See Flores v. One Hanover, LLC*, No. 13 Civ. 5184 (AJP), 2014 WL 632189, at *3 (S.D.N.Y. Feb. 18, 2014) (the "[plaintiffs] and the [c]lass [m]embers share common issues of fact and law, including whether [the] [d]efendants unlawfully took a 'tip credit' and paid less than the minimum wage; failed to pay proper premium overtime compensation, failed to pay spread-of-hours pay, misappropriated tips by unlawfully distributing a portion to non-tip eligible workers, and failed to pay the full amount of wages as a result of unlawful deductions"); *see also Lovagilo v. W & E Hospitality Inc.*, No. 10 Civ. 7351 (LLS), 2012 WL 1890381, at *1 (S.D.N.Y. Mar. 12, 2012) (same).

13.     Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).  Plaintiff's claims arise from the same factual and legal circumstances that form the basis of the class members' claims.  Defendants' alleged violations of law were the result of the same company policy and pattern or practice of failing to properly compensate Plaintiff and class members.  Plaintiff also claims the same injuries as do class members – that Defendants failed to properly pay them in accordance with the FLSA and NYLL.  Accordingly, Plaintiff satisfies the typicality requirement. *See Flores*, 2014 WL 632189, at *3 (typicality satisfied where the "[p]laintiffs'

claims for unpaid wages arise from the same factual and legal circumstances that form the bases of the [c]lass [m]embers' claims").

14.     Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the named Plaintiff's and Class Members' interests are at odds. *Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *5; *see also O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759 (DLC), 2009 WL 6583142, at *2 (S.D.N.Y. Sept. 18, 2009) (finding that the plaintiffs satisfied Fed. R. Civ. P. 23(a)(4) "because [the] [p]laintiffs' interests [were] not antagonistic or at odds with class members"). In addition, Plaintiff's Counsel, Fitapelli & Schaffer, LLP ("F&S") meet Rule 23(a)(4)'s adequacy requirement because they "are experienced and well-qualified employment lawyers and class action lawyers and have particular expertise in prosecuting and settling wage and hour class actions." *Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *5 (quoting *Ryan v. Volume Servs. America, Inc.*, No. 652970/2012 (MLS), 2012 N.Y. Misc. LEXIS 932 (N.Y.Sup.Ct. Mar. 7, 2013)).

15.     Plaintiff satisfies Federal Rule of Civil Procedure 23(b)(3). Plaintiff's and class members' common factual allegations and legal theory – that Defendants violated federal and state wage and hour law – predominate over any variations among class members. *See Tiro,* 288 F.R.D. at 281 (finding the predominance standard met where the overarching issue was "whether [the] [d]efendants failed to pay their employees at each restaurant in accordance with the law"). In addition, "the class action device is superior to other methods available for a fair and efficient adjudication of the controversy," because the class device will achieve economies of scale, conserve judicial resources, preserve public confidence in the integrity of the judicial system by avoiding the waste and delay of repetitive proceedings, and prevent inconsistent adjudications of similar claims. *Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *6-7 (quoting *Green v. Wolf Corp.*,

406 F.2d 291, 301 (2d Cir. 1968)); *see also Morris*, 859 F. Supp. 2d at 617; *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008).

**III.     Appointment of Plaintiff's Counsel as Class Counsel**

16.     For settlement purposes only, the Court appoints F&S as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).

17.     F&S has a reputation for their willingness to commit the resources required to take on large companies in litigation-intensive lawsuits. F&S did substantial work identifying, investigating, prosecuting and settling the claims, has substantial experience prosecuting and settling wage and hour class actions, are well-versed in wage and hour and class action law, and are well-qualified to represent the interests of the class. *See Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *7.

18.     F&S are experienced employment attorneys with a very good reputation among the employment law bar and have years of litigation experience in wage and hour matters in state and federal courts. As such, Courts have found F&S to be adequate class counsel in wage and hour class and collective actions. *See, e.g., Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *7 (appointing F&S as class counsel); *Lopez v. Dinex Group, LLC*, No. 155706/2014, 2015 N.Y. Misc. LEXIS 2192, at *9 (N.Y. Sup. Ct. New York County, June 23, 2015); *Flores v. One Hanover, LLC*, No. 13 CIV. 5184 AJP, 2014 WL 632189, at *4 (S.D.N.Y. Feb. 18, 2014) ("[F&S] did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims."); *Yuzary*, 2013 WL 1832181, at *5 ("F&S is experienced in representing workers in wage and hour class actions and has served as lead counsel in numerous wage and hour class and collective actions."); *Ryan*, 2012 N.Y. Misc. LEXIS 932 ("F&S are experienced employment attorneys with a good reputation among the employment law bar. The

firm has recovered millions of dollars for thousands of employees."); *Sukhnandan*, 2014 WL 3778173, at *8 ("Class Counsel are experienced employment lawyers. The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests."); *Tiro*, 2013 WL 2254551, at *3 (appointing F&S as class counsel); *Girault v. Supersol 661 Amsterdam, LLC*, No. 11 Civ. 6835 (PAE), 2012 WL 2458172, at *2 (S.D.N.Y. June 28, 2012) (F&S has "years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Lovaglio*, 2012 WL 1890381, at *2 (appointing F&S as class counsel because they "did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims"); *Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4212 (DAB), 2011 WL 6268216, at *3 (S.D.N.Y. Dec. 13, 2011) (appointing F&S as class counsel based on their "substantial experience prosecuting and settling employment class actions, including wage and hour class actions"); *O'Dell*, 2009 WL 6583142, at *2 (appointing F&S as class counsel and finding them to be "experienced and well-qualified employment lawyers and class action lawyers" with "particular expertise in prosecuting and settling wage and hour class actions").

19.     Plaintiff's Counsel's work in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**IV.    Notice**

20.     The Court approves the proposed Notice of Proposed Class Action Settlement ("Class Notice"), which is attached as Exhibit B to the Schaffer Decl., and directs its distribution to the Class.  The content of the Class Notice fully complies with due process and Fed. R. Civ. P.

21.     Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through

> reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

22.     The Class Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *Girault*, 2012 WL 2458172, at *3. Courts in this district have approved class notices that are very similar to those proposed by Plaintiff. *See, e.g., Girault*, 2012 WL 2458172, at *3; *Lovaglio*, 2012 WL 1890381, at *3; *Matheson*, 2011 WL 6268216, at *6-7; *O'Dell*, 2009 WL 6583142, at *3.

## I.    CLASS ACTION SETTLEMENT PROCEDURE

1.     The Court hereby adopts the following settlement procedure:

    a.     Within 10 days of the entry of this Order, Defendants will provide class counsel with a list in electronic form of the names, last known addresses, location worked, dates of employment, and social security numbers for all putative class members (the "Class List");

    b.     The claims administrator shall mail the Class Notice to all class members within 40 days of the entry of this Order;

    c.     Class members will have 45 days after the date the Class Notice is mailed to opt out of or object to the settlement;

    d.     Plaintiff will file a Motion for Final Approval at least 14 days prior to the fairness hearing;

    e.     The Court will hold a final fairness hearing on  January 26, 2016  at  3:00 p.m., at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York, Courtroom 219;

    f.     Plaintiff and all Class Members are enjoined from filing or prosecuting any claims, suits or administrative proceedings (including filing claims with the United States and/or New York State Departments of Labor)

regarding claims released by the parties' Settlement Agreement unless and until such Class Members have filed valid requests to be excluded from the settlement; and

g.     the parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this __30__ day of ___September___, 2015.

_____

Hon. Sarah Netburn, United States Magistrate Judge

The Clerk of Court is directed to terminate the motion at Docket Entry 49.

- 10 -