IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PAMELA BRAVO**, on behalf of herself and all others similarly situated,<br><br>                **Plaintiff**,<br><br>   -against-<br><br>**PALM WEST CORP., JUST ONE MORE RESTAURANT CORP., PALM RESTAURANT INC., PALM NY DOWNTOWN, LLC, PALM MANAGEMENT CORP., "XYZ CORP." d/b/a THE PALM BAR & GRILL, WALTER GANZI, JR., and BRUCE BOZZI, SR.,**<br><br>                **Defendants.** | No. 14 Civ. 9193 (SN) |

**FINAL JUDGMENT AND ORDER GRANTING
<u>PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

      Having considered Plaintiff's Motion for Final Approval of Class Action Settlement, the supporting memorandum of law and the Declaration of Brian S. Schaffer and exhibits thereto, the oral arguments presented at the January 26, 2016 Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

      1.      This Order incorporates by reference the definitions in the parties' Joint Stipulation of Settlement and Release (the "Settlement Agreement") dated September 10, 2015, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

      2.      This Court approves the settlement and all terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate, and not a

product of collusion. *See* Fed. R. Civ. P. 23(e); *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216 (RLE), 2014 WL 3778173, at *4 (S.D.N.Y. July 31, 2014).

3. The Court certifies the following class under Fed. R. Civ. P. 23(e) (the "Class") for settlement purposes:

> All persons who work or have worked as Tipped Workers at the five Palm restaurants in New York State between November 19, 2008 and August 1, 2015, *excluding* those Tipped Workers who participated in the settlement in *Mark Hunter Davis and Jorelle Aronovich, on behalf of themselves and others similarly situated v. Palm Management Corporation and Palm Restaurant, Inc. d/b/a Palm West Restaurant, Palm One Restaurant, and Palm Too Restaurant*, No. 09 Civ. 07348 (RMB) (AJP), in the Southern District of New York, and whose employment terminated on or before January 12, 2010. The class size is estimated to be 486 people.

4. For the purposes of settlement, the Court finds that the Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

5. In addition, Plaintiff's counsel meets the adequacy requirement of Rule 23(a)(4) and the Court certifies Plaintiff's counsel as Class Counsel, and the named Plaintiff as Class Representative.

6. Defendants shall fund the $2,750,000.00 Settlement Payment into the Escrow Account created by the Claims Administrator in two (2) payments. Defendants remitted the First Payment (25% of the Settlement Payment) to the Claims Administrator on January 14, 2016. Defendants must remit the Second Payment (75% of the Settlement Payment) to the Claims Administrator no later than June 30, 2016. Within ten (10) days of the Effective Date, as defined in the Settlement Agreement, or on July 15, 2016, whichever is later, the Claims Administrator shall distribute the Settlement Payment.

7.     The $2,750,000.00 settlement amount is substantial and includes meaningful payments to Class Members.  In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated at arm's-length by experienced and capable counsel after meaningful discovery and a settlement conference with this Court, and further that serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See Monzon v. 103W77 Partners, LLC*, No. 13 Civ. 5951 (AT), 2015 WL 993038, at *1 (S.D.N.Y. Mar. 5, 2015).

8.     The Parties' judgment that the settlement is fair, reasonable and adequate, as well as the Class's favorable response to the Settlement, with no Class Members objecting to Settlement and only two Class Members opting-out of the Settlement, weigh in favor of final approval of the Settlement.

9.     The Settlement Agreement shall be effective thirty (30) days after entry of this Order if no appeal is taken of this Order.  If an appeal is taken of this Order, the Final Effective Date shall be thirty (30) days after the latest of the following: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court.

10.    The Court awards Class Counsel fair and reasonable attorneys' fees in the amount of $500,000.00 to be paid from the Settlement Payment.  Any unapproved attorneys' fees shall be distributed to the Qualified Class Members pursuant to the terms of the Settlement Agreement.

Twenty-five percent of the unapproved attorneys' fees that are ultimately distributed to the Qualified Class Members shall be treated as back wages and 75 percent of the unapproved attorneys' fees that are ultimately distributed to the Qualified Class Members shall be treated as non-wage liquidated damages, penalties and pre-judgment interest.

11. Section 1.14 of the Settlement Agreement shall be replaced with the following language:

> **Net Settlement Fund**. "Net Settlement Fund" shall mean the remainder of the Settlement Payment after deductions for: Court-approved attorneys' fees and costs as described in Section 3.2, Court-approved Service Award to Plaintiff as described in Section 3.4, any and all applicable employer tax contributions associated with wage payments, including but not limited to Defendants' share of the FICA tax and any federal and state unemployment tax due as set forth in Section 3.6(G) attributable to the unapproved portion of attorneys' fees being distributed among the Class Members who have not opted out, and the Claims Administrator's fees as described in Section 3.3.

12. Section 3.1(A) of the Settlement Agreement shall be replaced with the following language:

> Defendants agree to pay $2,750,000.00 (the "Settlement Payment"), which shall resolve and satisfy: (a) Court-approved attorneys' fees and costs; (b) all Individual Settlement Amounts to be paid to Qualified Class Members and Plaintiff; (c) any Court-approved service payment to Plaintiff; (d) any and all applicable employer tax contributions associated wage payments, including but not limited to Defendants' share of the FICA tax and any federal and state unemployment tax due as set forth in Section 3.6(G) attributable to the unapproved portion of attorneys' fees being distributed among the Class Members who have not opted out; and (e) any and all fees and expenses related to the Claims Administrator. Other than the employer payroll taxes described in Section 3.6(G), Defendants will not pay more than $2,750,00.00.

13. Paragraph 3.6(G) of the Settlement Agreement is hereby amended as follows:

> Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to Defendants' share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages pursuant to Section 3.6(A), *provided, however*, that any and all applicable employer tax contributions associated with wage payments, including but not limited to Defendants' share of the FICA tax and any federal and state unemployment tax due, attributable to the unapproved portion of attorneys' fees being distributed among the Qualified Class Members shall not be paid by Defendants, but rather will be paid from the Settlement Payment. Except as set forth in the preceding sentence, any and all applicable employer tax contributions associated with wage payments, including but not limited to Defendants' share of the FICA tax and any federal and state unemployment tax due ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Payment, and shall not be paid out of the Settlement Payment, *provided, however*, such additional payment will be limited to the payment of any and all applicable employer tax contributions associated with wage payments, including but not limited to Defendants' share of the FICA tax and any federal and state unemployment tax due ordinarily borne by the employer on the wage amounts calculated prior to the redistribution of the unapproved attorneys' fees. The employee portion of all applicable payroll taxes shall not be Defendants' responsibility. Any tax responsibility for the non-wage portions of the payments under this Agreement shall not be Defendants' responsibility.

14. The Court awards Class Counsel $1,661.57 to be paid from the Settlement Payment for their actual costs and expenses incurred in this Litigation, which were incidental and necessary to the representation of the Class. Plaintiff and Qualified Class Members acknowledge and agree that they are solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement (other than the portion of any and all applicable employer tax contributions associated with wage payments including but not limited to Defendants' share of the FICA tax and any federal and state unemployment tax due as set forth in Section 3.6(G)). Plaintiff and Qualified Class Members acknowledge and agree that they have not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Agreement, but are relying on their own judgment and advice of their own counsel in this matter.

15.     The Court awards the Claims Administrator its reasonable costs in administering the Settlement, subject to Class Counsel's review of the Claims Administrator's invoices, to be paid out of the Settlement Payment.

16.     The Court approves the Service Award of $10,000.00, described in the Settlement Agreement, to be paid from the Settlement Payment.  The Service Award is reasonable in light of the efforts the named Plaintiff, Pamela Bravo, expended in furthering the interests of the Class.  The Court acknowledges that plaintiffs play a crucial role, and that service awards are particularly appropriate in the employment context where plaintiffs are often former or current employees of the defendants, and have, thus, for the benefit of the class as a whole, undertaken the risks of adverse actions by the employer or co-workers. *See, e.g., Tiro,* 2013 WL 4830949 at *10.

17.     The Court approves this Settlement and finds that it is a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act, reached as a result of contested litigation.

18.     The Litigation is dismissed with prejudice and without costs to any party.  All Class Members, except those individuals who timely and validly opted-out of the Settlement, are barred and permanently enjoined from participating in any other individual or class lawsuit or other proceeding or claim against the Releasees concerning the claims released in the Settlement Agreement.

19.     Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over the interpretation and implementation of the Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Agreement and of the settlement contemplated thereby.

20. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, entered as a final order.

It is so ORDERED this 11th day of March, 2016

_____
SARAH NETBURN
United States Magistrate Judge